The STATE of Utah, Plaintiff and Respondent,

v.

Orlando F. ROYBAL, Defendant and Appellant.

No. 20560.

Supreme Court of Utah.

Feb. 20, 1986.

Rehearing Denied March 21, 1986.

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant Orlando F. Roybal appeals from a conviction of possession of a dangerous weapon by a restricted person, a second degree felony. He contends that evidence introduced at trial by the State was the product of an illegal search.

At approximately 2:00 a.m. on May 21, 1984, deputies from the Salt Lake County sheriff's office were dispatched to the home of defendant to investigate a family disturbance with shots being fired. The officers placed Roybal under arrest and searched his person and home for weapons. Although the search failed to produce a weapon, Roybal was booked into the Salt Lake County jail. He was released on pretrial supervision at approximately 8:00 a.m. that morning.

At approximately 9:00 the same morning, deputies Mitchell and Baird were dispatched to Roybal's address to investigate a complaint of a suspicious vehicle, a green sedan carrying three male Hispanics. The complainant identified himself as Orlando Roybal and said he was calling from a phone booth two blocks away from the address. Officer Mitchell asked the dispatcher to call the phone booth and to send a deputy there. When the deputy arrived to check the phone, no one was in the vicinity. Deputies Mitchell and Baird arrived in separate cars at the apartment complex where Roybal lived, parked on opposite corners of the complex, and waited. They saw no green sedan or anyone on foot in the area.

After a few minutes, a male Hispanic emerged from between two buildings in the complex. As the man approached, Deputy Mitchell stepped out of the patrol car. The man walked up to the driver's side of the car, leaned on the front fender, and identified himself as Orlando Roybal. Deputy Mitchell asked, "When did you get out of jail?" Officers Mitchell and Baird had been fully apprised of the earlier shooting incident at this same address which resulted in Roybal's arrest. According to the information they had received from the dispatcher, Roybal was supposedly still in custody at this time. Deputy Mitchell then grasped defendant by the left arm and patted him down around the belt line. At the small of his back, rolled once into his underwear waistband, the deputy found a loaded pistol.

U.C.A., 1953, § 77–7–16, authorizes a peace officer to frisk a person for dangerous weapons if he reasonably believes he or any other person is in danger. The section must be interpreted to meet the constitutional requirements of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In that case, the Supreme Court established a narrowly drawn exception to the requirement that police obtain a warrant for all searches. The exception applies in cases where the officer has a reasonable belief, based on "specific and articulable facts," that the person may be armed and dangerous. *Id.* at 21, 88 S.Ct. at 1879. *State v. Carter*, Utah, 707 P.2d 656 (1985).

Defendant argues that there were no specific and articulable facts from which

Officer Mitchell could have drawn a rational inference that defendant was armed and dangerous. Therefore, the search of defendant was in violation of the fourth amendment of the United States Constitution, and any evidence seized therein should have been suppressed at the trial on motion of the defendant. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The State contends that the following facts and circumstances, which were known to officer Mitchell at the time of the search, would warrant a reasonably prudent man to believe that his safety or that of others was in danger. *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883. *See also Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *State v. Cole,* Utah, 674 P.2d 119 (1983); *State v. Rocha,* Utah, 600 P.2d 543 (1979).

1. There was no one at the phone booth where the call reportedly originated.

2. There was no vehicle in the vicinity matching the description given by the caller.

3. There had been a shooting incident at that address earlier that morning.

4. Defendant approached the officer and identified himself as Orlando Roybal.

5. Orlando Roybal had been arrested in conjunction with the earlier shooting incident and was reported to be still in custody.

6. The gun used in the previous incident was not recovered when defendant was arrested.

7. Defendant leaned on the car as if he was trying to conceal something behind his back.

The State argues that these facts, viewed in light of Deputy Mitchell's experience, *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949), justified the limited pat down search of the defendant.

In *Terry,* the Court balanced the need to search against the invasion which the search entails. The need in *Terry* was based on the suspicion aroused in the officer from all of the facts and circumstances, judged in light of his thirty-five years of experience, that the suspects were in the process of planning a daylight robbery, and that they may be armed. The intrusion was a physical detainment by grasping the suspect by the arm, spinning him around, and patting down his outside coat pocket. The court held that the officer's need to protect himself and others, when he reasonably believed the person to be armed, justified the "brief, though far from inconsiderable intrusion, upon the sanctity of his person." *Terry,* 392 U.S. at 26, 88 S.Ct. at 1882.

■ In the instant case, the search was a limited pat down of defendant's belt line. The facts and circumstances known to the officer reasonably support the belief that defendant had access to a weapon, that he had concealed the weapon behind his back, and that he may have called the police to provide an opportunity to use that weapon against them. We agree with the State that all of the facts and circumstances known to the officer at the time the search was made, justified the actions that were taken.

■ In assessing the reasonableness of the actions, we note that it is not essential that the officer actually be in fear, *United States v. Tharpe,* 536 F.2d 1098, 1101 (5th Cir.1976), nor need he be "absolutely certain that the individual is armed. The issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883.

Police officers knowingly and willingly enter hostile environs to confront dangerous persons in an effort to protect the safety of others. The Court in *Terry* specifically addressed the need of officers to take reasonable precautions to insure their

safety. "[W]e cannot blind ourselves to the need for law enforcement officers to protect themselves.... When an officer is justified in believing that the individual ... is armed and presently dangerous ..., it would appear to be clearly unreasonable to deny the officer the power to take necessary measures...." *Terry*, 392 U.S. at 24, 88 S.Ct. at 1881.

We hold that the search complied with the constitutional requirements of *Terry* and the weapon was properly admitted. We affirm the conviction.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.